UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

vs.                                                        Case No. 2:23-cv-00035-JLB-KCD

HONORABLE JUDGE PETER BELL,

    Defendant,
_____/

## DEFENDANT, JUDGE BELL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Defendant, the Honorable Judge Peter Bell, by and through the undersigned, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Complaint (ECF No. 1) with prejudice. As grounds hereto, the Defendant Judge Bell states as follows:

1. On January 18, 2023, Plaintiff Andrew Sheets (hereinafter "Plaintiff"), *pro se*, filed his Complaint against Defendant Judge Peter Bell (hereinafter "Judge Bell"), County Court Judge for the Twentieth Judicial Circuit, in and for Charlotte County, Florida. ECF No. 1.

2. In the Complaint, Plaintiff alleges violations under 42 U.S.C. § 1983 of his First, Second, Fourth, and Fourteenth Amendment Rights, conspiracy and

malicious prosecution from an underlying criminal case that Judge Bell presided over in Charlotte County. ECF No. 1.

3. Judge Bell now moves this Honorable Court for an order dismissing Plaintiff's Complaint with prejudice, based upon the following grounds:

   a. Judicial immunity bars Plaintiff's claims;

   b. Eleventh Amendment immunity bars Plaintiff's claims; and

   c. This Court lacks subject-matter jurisdiction to review Plaintiff's claims under the *Younger* abstention doctrine or in the alternative, the *Rooker-Feldman* doctrine.

Wherefore, Defendant Judge Bell, respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and grant any such relief as this Court deems appropriate under the circumstances.

## MEMORANDUM OF LAW

**I.     Facts and Procedural History.**

Plaintiff, Andrew Sheets, *pro se*, sues Defendant Judge Bell for alleged violations of his constitutional rights under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that Judge Bell violated Plaintiff's constitutional rights when Judge Bell presided over Charlotte County Court case no. 2021-MM-1041[1]. ECF No. 1, 2, and 3. Plaintiff

---

[1] It is requested that this Court take judicial notice of the court docket from Case No. 2021 MM-1041, a criminal misdemeanor proceeding from the Twentieth Judicial Circuit for Charlotte County. A copy of the court docket is attached as "Exhibit A." The Court may properly take judicial notice of public court records at this motion to dismiss stage, as well as consider any attachments to Plaintiff's pleadings. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999).

alleges that Judge Bell violated his constitutional rights by presiding over the criminal misdemeanor case and placing Plaintiff on probation for his charges. ECF No. 1. Plaintiff lists multiple grievances with the criminal case and Plaintiff's perceived injustices within the case and the actions of Judge Bell. ECF No. 1. Plaintiff supplements his Complaint with a Statement of Facts. ECF No. 2. Within his Statement of Facts, Plaintiff continues his myriad of complaints with the proceedings of his criminal misdemeanor case. ECF No. 2. Plaintiff contends that the actions taken by Judge Bell in the criminal misdemeanor case violated his constitutional rights within his nine listed claims on his Statement of Facts. ECF No. 2.

## II.     Standard of Review.

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's Complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). "[T]he tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 663. It is not enough that a claim is conceivable, the applicable standard is that a claim must be plausible on its face and is subject to dismissal when the facts pleaded do not meet this requirement. *Twombly*, 550 U.S. at 570. The federal pleading rules require a complaint to provide sufficient notice to a defendant regarding the causal connection between the defendant and the plaintiff's claim, so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people…" *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002).

### III. Argument in Support of Dismissal.

#### a. Judicial Immunity Bars Plaintiff's Claims.

Plaintiff's claims against Judge Bell are barred by the doctrine of judicial immunity. The doctrine of judicial immunity is founded upon the notion that a judge must "…be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)(*citing Bradley v. Fisher*, 80 U.S. 335, 1871 WL 14737 (1871)). Judges are entitled to immunity when acting in their judicial capacity unless they acted in "clear absence of all jurisdiction."

*Id.* "Absolute judicial immunity 'applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011) (*quoting Bolin v. Story*, 225 F. 3d 1234, 1239).

Whether a judge's actions were made while acting in his or her judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Here, Judge Bell was undoubtedly performing judicial acts while presiding over Plaintiff's misdemeanor case. Judge Bell ruled on motions filed by Plaintiff in the state court case and entered orders on the same. While Plaintiff may be unhappy with the rulings, these actions are normal judicial functions. Judge Bell is entitled to absolute judicial immunity unless Plaintiff can establish Judge Bell "acted in the clear absence of all jurisdiction." *Bolin v. Story,* 225 F. 3d 1234, 1239 (11th Cir. 2000). As Judge Bell was the assigned judge to Plaintiff's state court case, Plaintiff's complaint fails to address this issue. There are insufficient factual allegations raised by Plaintiff in the Complaint to demonstrate that Judge Bell acted outside of his judicial authority or jurisdiction when he presided over Plaintiff's misdemeanor case. Plaintiff's Complaint describes normal judicial functions that were taken by Judge Bell during the pendency of the misdemeanor case. The doctrine of Judicial Immunity protects the exercise of

judicial functions, Plaintiff did not describe any acts outside of judicial functions in his Complaint. As such, Judge Bell is entitled to absolute judicial immunity, warranting dismissal of the Complaint with prejudice.

      b. *Eleventh Amendment immunity bars Plaintiff's claims.*

Under the Eleventh Amendment of the U.S. Constitution, a state is protected from being sued in federal court without the state's consent. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). The Eleventh Amendment "prohibits suits against state official where the state is, in fact, the real party in interest." *Summit Med. Assocs., P.C. v. Pryor*, 180 F. 3d 1326, 1336 (11th Cir. 1999). The Eleventh Circuit has held that Florida Circuit Court Judges are arms of the state for Eleventh Amendment purposes. *Badillo v. Thorpe*, 158 F. App'x 208, 213 (11th Cir. 2005).

There are three general exceptions to the Eleventh Amendment's jurisdictional bar: "(1) A state's immunity may be abrogated by an act of Congress under section 5 of the Fourteenth Amendment; (2) a state may waive its sovereign immunity; or (3) the claim may fall within the confines of *Ex parte Young,* 209 U.S. 123 (1908)." *Camm v. Scott*, 834 F. Supp. 2d 1342, 1347 (M.D. Fla. 2011).

In the Complaint, Plaintiff appears to bring claims against Judge Bell for violation of 42 U.S.C. § 1983 and of his First, Second, Fourth, and Fourteenth Amendment Rights. ECF No. 1. Plaintiff has not alleged or pointed to any statutes where Congress has abrogated the state's Eleventh Amendment immunity for these

claims. *DeKalb County School District v. Schrenko*, 109 F.3d 680, 688 (11th Cir. 1997) (an abrogation by Congress must be clear and unequivocal).

Furthermore, the State of Florida has not waived its sovereign immunity for Plaintiff's tort claims. Section 768.28(18), *Florida Statutes*, provides:

> No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court.

Although § 768.28, *Fla. Stat.*, waives Florida's immunity for tort actions brought in state court, it does not waive Florida's Eleventh Amendment immunity from suit in federal court. *See Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990). Finally, Plaintiff has failed to demonstrate a continuing violation of a federal law for his claim to fall within an exception of *Ex parte Young*. *Ex parte Young,* 209 U.S. 123 (1908). Because Plaintiff cannot demonstrate any waiver of the State's Eleventh Amendment immunity, all claims in the Complaint against Judge Bell should be dismissed with prejudice.

    c. *This court lacks subject-matter jurisdiction over Plaintiff's state court orders under the Younger abstention doctrine, or alternatively the Rooker-Feldman doctrine.*

Plaintiff's Complaint indirectly requests this Court's review of orders entered in an ongoing state court criminal proceeding and should be dismissed for lack of subject-matter jurisdiction under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 46 (1971).

"*Younger v. Harris* … and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 431 (1982). It precludes federal court intrusion into ongoing state criminal prosecutions, certain civil enforcement proceedings, and civil proceedings involving certain orders that further the state courts' ability to perform their judicial functions. *Sprint Communications v. Jacobs*, 134 S.Ct. 584, 591 (2013). *Younger* also applies to claims for injunctive relief and declaratory judgments that would effectively enjoin state proceedings. *Old Republic Union Ins. Co. v. Tillis Trucking Co.,* 124 F.3d 1258, 1261 (11th Cir. 1997).

Here, Plaintiff has an ongoing state criminal case pending in the Twentieth Judicial Circuit in Charlotte County, Florida. [*See* Exhibit A]. In the pending underlying state case, Plaintiff has two misdemeanor charges and the State of Florida is prosecuting accordingly, with Judge Bell presiding over the case. ECF No. 1. Plaintiff seeks damages, the cost of litigation, and all further equitable relief, which ultimately seeks to undermine the rulings made by Judge Bell, prevent the Judiciary of Charlotte County from performing their requisite duties, and require Judge Bell to

pay the cost of Plaintiff's defense in the ongoing state proceedings. ECF No. 1. As such, this Court should abstain from exercising jurisdiction in Plaintiff's state court criminal case and dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction.

Alternatively, if Plaintiff's state court case is resolved and a final judgment is entered prior to this Court ruling on this Motion to Dismiss, dismissal of the complaint remains appropriate under the *Rooker-Feldman* doctrine.

"The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Jud. Cir.*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2 (M.D. Fla. Apr. 15, 2011) *Rooker v. Fidelity Trust Co,* 263 US 413, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462.

The *Rooker-Feldman* doctrine applies when "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291 (2005). A federal district court lacks subject-matter jurisdiction to review state court orders because 28 U.S.C. § 1257 "vests authority to review a state court's judgment solely" in the Supreme Court. *Id.* at 292. Federal courts generally cannot review state court proceedings, since the federal courts are not a forum for appealing state court decisions. *Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (*citing Staley v. Ledbetter*, 837 F.2d 1016, 1017-1018 (11th Cir. 1988) (district court lacked jurisdiction to hear a constitutional claim which

essentially sought to reverse a state court's custody determination)). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See *Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (*quoting Staley* supra).

Here, Plaintiff's Complaint ultimately seeks to have this Court review the orders entered against him in an ongoing state criminal case, find the orders have violated Plaintiff's civil rights, and seeks an award for damages from those legal proceedings. Plaintiff's civil action originates from his dissatisfaction with Judge Bell's rulings in a state court action. Plaintiff seeks to have this Court determine that Judge Bell's state court rulings allegedly violated Plaintiff's civil rights. Since this Court has no authority to review state court orders, the Complaint should be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine if the state civil case concludes.

## IV. Conclusion.

Judicial immunity bars this action as Plaintiff is seeking damages for actions taken within normal judicial function. Eleventh Amendment immunity bars this action as Plaintiff has failed to demonstrate a waiver of the immunity. The abstention doctrine bars this action as Plaintiff seeks this Court to review the actions of a state court case with which he is dissatisfied. Based on the foregoing arguments, Plaintiff's Complaint should be dismissed with prejudice.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned has been communicating with Plaintiff since February 9, 2023, via e-mail, (as per Plaintiff's request) regarding his position on the relief requested in this Motion. Plaintiff indicated that he **objects** to the Defendant's Motion to Dismiss Plaintiff's Complaint.

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Jessica Schwieterman
Jessica Schwieterman
Assistant Attorney General
Florida Bar No. 116460
Office of the Attorney General
3507 E. Frontage Road, Suite 150
Tampa, FL 33607
T - (813) 233-2880; F - (813) 281-1859
Jessica.Schwieterman@myfloridalegal.com
Victoria.Lingua@myfloridalegal.com
Alicia.Wooten@myfloridalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the February 13, 2023, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I further certify that the foregoing is being served this day via First-Class U.S. Mail to: Plaintiff, Andrew Bryant Sheets, 11408 Pepperdine Street, Punta Gorda, Florida 33955.

/s/ Jessica Schwieterman
Jessica Schwieterman
Assistant Attorney General