FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2023 MAR -1  AM 8:25

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

ANDREW BRYANT SHEETS, Plaintiff,

vs.

Case No. 2:23-cv-00035-JLB-KCD

JUDGE PETER BELL, Defendant,

**PLAINTIFF'S RESPONSE TO DEFENDANT
JUDGE PETER BELL MOTION TO DISMISS**

Now comes the Plaintiff, by ANDREW SHEETS, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, and moves the Court to deny Defendant JUDGE PETER BELL motion to dismiss. In support hereof, the Plaintiff states as follows:

INTRODUCTION

On 06/09/2022 a travesty of the American Justice occurred when a seated Judge, defendant Peter Bell abused his power by criminalizing the first amendment. Despite video evidence proving Plaintiff was well within his first amendment rights to protest on a public sidewalk defendant Peter Bell choose to ignore the law and put emotion before legality. Giving the fact Plaintiffs civil rights were abused qualified immunity does not exist for defendant. the video absolutely proves that I did not commit the crime of disturbing the peace, I did not commit the crime of messing with administrative duties, and I did not meet the requirements for no contact order. https://youtu.be/EDaX0As64dM

ARGUMENT

1. So that is the reason why the plaintiff is here today with this lawsuit to get more discovery in this case. we already have EXHIBIT A showing conspiracy. We have an email where the city manager talks to the police ,the police talk to the state attorney's office, to turn free speech on a city sidewalk into a crime. if they get enough people to complain. that is completely illegal and un American and unconstitutional. I have tried to get more documents through record requests from the police, the city and the state attorney. they are either blocking it, or they're not answering it or they're overcharging for it, or they say they have none. this is also been happening for 10 years while I've been a civil rights activist reporter for Charlotte county cop watch. Many violations of Florida Sunshine records law.

2. Numerous clerks with the Charlotte County Supervisor of elections office of Paul A Stamoulis have stated during a July 2022 clerk training event that he and the judge took care of the plaintiff Andrew Sheets, and they had personally seen to it that he went to jail. The defendant is the personal friend of Paul A Stamoulis as well as the canvasing judge for Charlotte County. Plaintiff believes this was retaliation for covering the election news for the past two years, of them shutting down the election offices during Covid. Plaintiff has asked for records request on this and was denied.

3. Plaintiff clearly shows in EXHIBIT B numerous agencies and employees of those agencies have used their position kill free speech and free press. In a 2015 Florida slap suit they changed it from any free speech lawsuit to any cause of action. Agencies have found a way around free speech prosecution and instead using the argument of cause of action, this action is illegal and unconstitutional. they're using causes of action, such as banning filming in public areas in a government office, trespassing you and ultimately arresting you. Plaintiff received evidence Derek P. Rooney was hired to write all the ways they could suppress free speech and free press, subsequently training Punta Gorda, Charlotte County and in the end, numerous attorneys in Florida that work for a city and a county at there state convention how to do it. Plaintiff has asked for more documents on this and was denied.That is why plaintiff needs this lawsuit to get the rest of the documents.

4. It is also been stated here that this is a frivolous lawsuit. Plaintiff is offended and outraged as a conviction based on a judges personal feeling verses the rule of law is a abuse of power. As stated in the first filing, twenty two thousand dollars has been spent on this trying to defeat this illegal conviction and acts that were committed against plaintiff, plaintiff has spent more than twelve thousand dollars for the appeal alone. EXHIBIT C from the appeal. which will show plaintiff did not meet the legal definition of anything that Plaintiff was charged with, and the youtube video that they convicted plaintiff on proves that https://youtu.be/EDaX0As64dM .and this is why qualified immunity needs to be removed. Law states you lose immunity if you knowingly violate your oath and the constitution and in the case of a judge your cannons.

5. This case is not his first time the defendant has been admonished for illegally jailing someone. The defendant illegally jailed a woman EXHIBIT D. Defendant was demoted for a year to traffic court for illegally jailing another man. Plaintiff prays this court allow this case to move forward as to continue with discovery to connect a pattern of behavior by defendant. Numerous agencies connected to defendant have routinely violated Florida records Sunshine law, including the state attorney's office.

6. The defendant taught classes on the Constitution EXHIBIT E, however defendant has violated the constitutional rights of numerous individuals which is evident in numerous appeals involving defendant have been overturned as wrongful convictions.

7. Additionally plaintiff also seeks additional discovery to show that the city police, sheriff and the state attorneys office have repeatedly colluded to convict plaintiff to stifle plaintiffs free speech and free press EXHIBIT F. this is just 1 of many, unfortunately the state attorney is not responding to record request, which is a violation of Florida Sunshine records law.

### A. Judicial Immunity

Defendant primary argument is an assertion of judicial immunity. In her view of judicial immunity, there is no action she could take that would deprive her of judicial immunity, so long as those actions are taken against a litigant who has an active proceeding pending in her court. However, her interpretation of the law of judicial immunity is overly broad and ignores the established exceptions, which after examining the allegations in the light most
favorable to the Plaintiff, deprive Defendant of any claim to judicial immunity - especially at the 12(b)(6) stage.
Defendant engaged in nonjudicial actions which were not taken in a judicial capacity. Defendant engaged in functions and behaviors which are not normally performed by a judge and which are wholly outside the expectations in Court - or any court. Defendant personal direction of, and personal participation in, the illegal conviction of the Plaintiff, consisted of an personal bias, rather than a judicial act in nature. As a consequence, defendant does not enjoy judicial immunity for defendants actions in court on 6/9/2022, as alleged herein in detail. *See* Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).
The Supreme Court has made clear that "[t]he proponent of a claim to absolute immunity bears the burden of establishing the justification for such immunity. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 432, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). The justification must take care to explain why the official hoping to secure absolute immunity would not be sufficiently shielded by qualified immunity, which already affords officials considerable leeway to perform their jobs without fear of personal liability. Indeed, as the Court has explained, "[t]he presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties. We have been 'quite sparing' in our recognition of absolute immunity, and have refused to extend it any 'further than its justification would warrant.' " Burns v. Reed, 500 U.S. 478, 486–87, (1991).
Defendants argument that judicial immunity should apply. However, Mireles demonstrates the opposite. The Supreme Court has also made clear that "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Forrester v. White, 484 U.S. 219, 227-229 (1988). To determine whether a judge performs a "judicial act," courts consider whether the judge engaged in action normally performed by a judge, and whether the parties dealt with the judge in defendants judicial capacity. Mireles, 502 U.S. at 12. In Mireles, the defendant judge became angry at an attorney who was absent from morning call in his courtroom and ordered the police officer bailiff "to forcibly and with excessive force seize and bring plaintiff into his courtroom." Id. at 11. The Court noted that a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." Id; *but see* Id. at 14-15 (Stevens, J. Dissenting) ("Ordering a battery has no relation to a function normally performed by a judge. If an interval of a minute or two had separated the two orders, it would be undeniable that no immunity would attach to the latter order. The fact that both are alleged to have occurred as part of the same communication does not enlarge the judge's immunity.").

The allegations that Defendant personally engaged in, and convicted plaintiff for witch plaintiff clearly did not meet the standards for those charges , exists in stark contrast to allegations against the judge in Mireles. The Supreme Court expressly distinguished "judicial" actions from actions taken by a judge which are "executive" in nature, and therefore not protected by judicial immunity:

Accordingly, as the language in Stump indicates, the relevant inquiry is the "nature" and "function" of the act, not the "act itself." Id. 435 U.S., at 362 . In other words, we look to the particular act's relation to a general function normally performed by a judge, in this case the function of directing police officers to bring counsel in a pending case before the court.

Nor does the fact that Judge Mireles' order was carried out by police officers somehow transform his action from "judicial" to "executive" in character. As Forrester instructs, it is "the nature of the function performed, not the identity of the actor who performed it, that inform[s] our immunity analysis." 484 U.S., at 229 . A judge's direction to an executive order to bring counsel before the court is no more executive in character than a judge's issuance of a warrant for an executive officer to search a home. See Burns v. Reed, 500 U.S. 478 (1991) ("[T]he issuance of a search warrant is unquestionably a judicial act").

Mireles at 13. Indeed, as Justice Stevens pointed out in Footnote 1 of his dissent, a judge is not entitled to immunity when acting in an enforcement capacity. Supreme Court of Virginia v. Consumers Union of United States, Inc., 446 U.S. 719, 736-737, 100 S.Ct. 1967 1977, 64 L.Ed. 2d 641 (1980); cf. Mitchell v. Forsyth, 472 U.S. 511, 520-524, 105 S.Ct. 2806, 2812-2814, 86 L.Ed.2d 411 (1985) (Attorney General not absolutely immune when performing "national security," rather than prosecutorial, function).[1] It's the nature of the function which invokes immunity - not the identity of the individual.

Moreover, the act of a defendant knowingly violating defendants' oath to the canons and the constitution, is not a general function normally performed by a judicial officer. The alleged conduct doesn't consist of mere "mistakes" or "erroneous acts" in excess of authority during an otherwise appropriate judicial act. Rather, defendants conduct – knowingly violating the first amendment - is entirely outside defendants' judicial role.

[1] See also Archie v. Lanier, 95 F.3d 438, 441 (6th Cir. 1996) (holding that "stalking and sexually assaulting a person, no matter the circumstances, do not constitute 'judicial acts'"); Zarcone v. Perry, 572 F.2d 52, 53 (2d Cir. 1978) (ordering coffee vendor handcuffed and subjecting him to "pseudo-official inquisition" because judge did not like his coffee are not judicial acts), cert. denied, 439 U.S. 1072 (1979).

Defendant did not ask to see the whole video which would have proven the plaintiff's innocence. Defendant just went along with the prosecutor telling the jury that the counter protesters were disturbing the peace, but the plaintiff incited them to do it, therefore the plaintiffs guilty of it. defendant acted wholly outside the general practice and authority of a judge.

In Defendant motion to dismiss just because you don't like the sentence doesn't give you the right to sue.so does that mean the plaintiff doesn't have the right to appeal, or ask for a recusal because the judge is clearly biased?

Defendant admitted in court when defendant said on record you cant protest there but you can protest any where else, defendant just admitted what plaintiff was doing was completely legal. Defendant just didn't like where plaintiff was doing it, witch is not the defendants right to pick and choose, this again is not a judicial role it's a personal one.

such extrajudicial wrongdoing has occurred, albeit rarely occurring, it has been punished with disciplinary charges and sanctions.

Moreover, similar to the Supreme Court's example of a probate judge trying a criminal case,7 the Defendant's request for judicial immunity must be viewed through the lens of the fact that Defendant is a Judge. And when the defendant goes out side there judgeship into feelings they have lost immunity.

In Stump v. Sparkman, the Supreme Court held that Judge Harold D. Stump had performed a judicial act when he ordered a mentally retarded girl to undergo a tubal ligation at the request of her mother. The Court explained that absolute immunity applies to actions taken by judges "in error, . . . maliciously, or . . . in excess of [their] authority," but not in the "clear absence of all jurisdiction." To distinguish between these two standards, the Court provided an example:

[I]f a probate judge, with jurisdiction over only wills and estates should try a criminal case, he would be acting in the clear absence of jurisdiction. [O]n the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction.

Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). A judge is protected only by qualified immunity when carrying out administrative functions. In Forrester v. White, 484 U.S. 219 (1988) the Supreme Court held that when a judge fired a probation officer, he performed an administrative act and was thus protected only by qualified immunity. The Court rejected the argument that judges should have absolute immunity for employment decisions because an incompetent employee can impair the judge's ability to make sound judicial decisions. The Court reasoned that employment decisions made by judges "cannot meaningfully be distinguished
10 Judicial Disciplinary Counsel's Brief in Support of Joint Agreement to Discipline at 21, 24-25.
from" employment decisions made by district attorneys and other executive officials, and "no one claims they give rise to absolute immunity from liability in damages under § 1983." Id. at 229.

Viewing the allegations in the light most favorable to the Plaintiff, and assuming those facts to be true, Defendant is not entitled to judicial immunity. It is defendant's burden of proving its application, and such a burden cannot be established given the allegations: that defendant improperly removed defendants self from the role of a Court Judge, and inserted defendants feelings. culminating in the illegal conviction for witch the video proves the plaintiff did not meet the standards to be convicted of those charges. Such actions are not judicial in nature, and therefore are not entitled to judicial immunity, but rather only qualified immunity, which has not been asserted. Therefore the Defendants' motion to dismiss must be denied.

### B. Eleventh Amendment

Defendant also claims that this Court lacks subject matter jurisdiction due to the application of the Eleventh Amendment to the U.S. Constitution. However, the Defendant misunderstands the application of the Eleventh Amendment. The Eleventh Amendment provides, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." By "draw[ing] upon principles of sovereign immunity," the Supreme Court has "construe[d] the Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *See* Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990) (internal quotation marks omitted). The Court has also recognized that the States'

Eleventh Amendment immunity may extend to "state agents and state instrumentalities." *See* Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *quoted by* Pense v. Md. Dep't of Pub. Safety & Corr. Servs., 926 F.3d 97 (4th Cir. 2019).
In the case *sub judice*, the Eleventh Amendment does not foreclose the relief requested by the Plaintiff. As against Defendant , named as a defendant in her individual capacity, the Eleventh Amendment is irrelevant because defendant cannot invoke it, because defendant is not a state agency or state official sued in her official capacity. The Eleventh Amendment does not grant immunity when a §1983 claim for damages is asserted against a state official in her personal capacity. Hafer v. Melo, 502 U.S. 21, 30–31 (1991). The monetary relief awarded on such a claim would not be payable out of the state treasury, but would come from the state official's personal funds, which are not protected by the Eleventh Amendment. Id. The fact that the state agreed to indemnify the state official for a personal capacity monetary judgment does not create Eleventh Amendment immunity because the decision to indemnify is a voluntary policy choice of state government; it is not compelled by mandate of the federal court. *See, e.g.*, Stoner v. Wis. Dep't of Agric., 50 F.3d 481, 482–83 (7th Cir. 1995).
Viewing the Complaint, it's clear that Defendant is named in defendants personal and individual capacity. in the header, it expressly states "judge peter bell" In the complaint for violation of civil rights it states in defendants individual capacity and official capacity. Therefore, the Eleventh Amendment is inapplicable and the Defendant's motion to dismiss on those grounds must be denied.

## THE DEFENDANT HAS VIOLATED THE FLORIDA JUDICIAL CANONS

**Canon 1. A Judge Shall Uphold the Integrity and Independence of the Judiciary**
**Canon 2. A Judge Shall Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities**
A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge. A judge shall not testify voluntarily as a character witness.
C. A judge should not hold membership in an organization that practices invidious discrimination on the basis of race, sex, religion, or national origin. Membership in a fraternal, sororal, religious, or ethnic heritage organization shall not be deemed to be a violation of this provision
**Canon 3. A Judge Shall Perform the Duties of Judicial Office Impartially and Diligently**
A. Judicial Duties in General.
The judicial duties of a judge take precedence over all the judge's other activities. The judge's judicial duties include all the duties of the judge's office prescribed by law. In the performance of these duties, the specific standards set forth in the following sections apply.
B. Adjudicative Responsibilities.
(1) A judge shall hear and decide matters assigned to the judge except those in which

disqualification is required.

(2) A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.

(5) A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, and shall not permit staff, court officials, and others subject to the judge's direction and control to do so. This section does not preclude the consideration of race, sex, religion, national origin, disability, age, sexual orientation, socioeconomic status, or other similar factors when they are issues in the proceeding.

(7) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:

(ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.

(10) A judge shall not, with respect to parties or classes of parties, cases, controversies or issues likely to come before the court, make pledges, promises or commitments that are inconsistent with the impartial performance of the adjudicative duties of the office.

C. Administrative Responsibilities.

(1) A judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business.

E. Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding;

**Canon 4. A Judge is Encouraged to Engage in Activities to Improve the Law, the Legal System, and the Administration of Justice**

A. A judge shall conduct all of the judge's quasi-judicial activities so that they do not:
(1) cast reasonable doubt on the judge's capacity to act impartially as a judge;
(2) undermine the judge's independence, integrity, or impartiality;
(3) demean the judicial office;
(4) interfere with the proper performance of judicial duties;

**Canon 5. A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties**

A. Extrajudicial Activities in General. A judge shall conduct all of the judge's extrajudicial activities so that they do not:
(1) cast reasonable doubt on the judge's capacity to act impartially as a judge;
(2) undermine the judge's independence, integrity, or impartiality;

(3) demean the judicial office;

**Canon 7. A Judge or Candidate for Judicial Office Shall Refrain From Inappropriate Political Activity**

(a) shall be faithful to the law and maintain professional competence in it, and shall not be swayed by partisan interests, public clamor, or fear of criticism;

## CONCLUSION

Rule 12(b)(6) provides for a defense to a claim by motion for "failure to state a claim upon which relief can be granted." In deciding motions under 12(b)(6), federal courts can take judicial notice of all matters of public record, such as the Formal Statement of Charges against Judge peter bell .Judicial immunity is awarded to the function and nature of the act, rather than the identity of the individual. Defendant engaged in unconstitutional conviction on all charges and from the email evidence that plaintiff has received so far, shows working on and off the bench to convict plaintiff with others. Therefore, Plaintiff respectfully requests that the motion to dismiss be denied

ANDREW B SHEETS,PRO SE

ANDREW B SHEETS,PRO SE
11408 PEPPERDINE ST
PUNTA GORDA,FL,33955
941-916-2259
federallawsuit4freespeech@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the MARCH,1, 2023, I personally delivered the response to the Clerk of Court . I further certify that the foregoing is being served this day via email and First-Class U.S. Mail to:
Jessica Schwieterman
Assistant Attorney General
Office of the Attorney General
3507 E. Frontage Road, Suite 150
Tampa, FL 33607

ANDREW B SHEETS PRO SE