UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS, Plaintiff,

vs.

case No. 2:23-cv-00035-JLB-KCD

JUDGE PETER BELL, Defendant,

PLAINTIFF'S MOTION FOR A HEARING
ON THE DISSMISAL

Plaintiff moves the court to Grant my motion for hearing on the motion to dismiss, docket number 10, and as grounds therefore would show:

1. Plaintiff has already shown that the defendant violated the first amendment, second amendment, Fourth amendment, 14th amendment, conspiracy, and deprivation rights under color of law. for free speech. doing this is not part of defendant judge peter bell job. it's supposed to be the job of the defendant judge peter bell to uphold the law and the Constitution, and not violate it. therefore, qualified immunity is gone. In the supreme courts decision, Harlow v. Fitzgerald, 457 U.S. 800 (1982),The Court held that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

    2. The younger doctrine is moot because the plaintiff has already been convicted and the damage has already been done.

    3. courts recently considered the application of *Celotex,* and other recent Supreme Court cases, to cases in which the plaintiff has not had an adequate opportunity to conduct discovery. In *WSB-TV v. Lee,* we reviewed the Supreme Court's decisions in *Celotex,* in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and in *Matsushita Electric Industrial Co. v. Zenith Radio Corporation,* 475 U.S. 574, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). We concluded that the common denominator of the three cases is "that summary judgment may only be decided upon an adequate record." 842 F.2d at 1269. Because the plaintiffs in *WSB-TV* had been afforded no opportunity for discovery, we held that consideration of the defendant's motion for summary judgment was erroneous.

Courts have often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. *E.g., Littlejohn v. Shell Oil Co.,* 483 F.2d 1140, 1145 (5th Cir.1973) (en banc), *cert. denied,* 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (noting the high fatality rate of summary dispositions at a time before the facts have been fully developed); *Alabama Farm Bureau Mutual Casualty Co. v. American Fidelity LifeInsurance Company,* 606 F.2d 602, 609 (5th Cir.1979), *cert. denied,* 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 ("Summary Judgment should not, therefore, ordinarily be granted before discovery has been completed."); *Murrell v.Bennett,* 615 F.2d 306, 310 (5th Cir.1980) (citing *Alabama Farm Bureau*). The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. *Parrish v.Board of Commissioners of the Alabama State Bar,* 533 F.2d 942, 948 (5th Cir.1976). If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. *Id.* Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests. *Cowan v. J.C. Penney Company, Inc.,* 790 F.2d 1529, 1532 (11th Cir.1986).

The issue of inadequate discovery was called to the court's attention by the plaintiff in the notice to produce. In the courts response to the plaintiffs' notice to produce, the court ruled in the defendants favor on the motion for protective order, which rendered moot any discovery issue.[1] Plaintiffs response to this assertion by reminding the court that "motions for protective order is premature and should not be granted until the plaintiff opposing such a motion is permitted to make discovery essential to plaintiffs case." Therefore, the court should be aware of the plaintiffs' contention that plaintiff had not been able to obtain, through discovery, evidence essential to their opposition to the motion to dismiss. The discovery requested was clearly relevant to the pending motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court should grant the plaintiffs request for a hearing.

### Prayer for relief

when scheduling this court date, plaintiff require that the court set it as far out as possible to hear the defendant's motion to dismiss, in order to allow plaintiff the time required to have plaintiff objection to the order, allowing the defendants motion to stay discovery and to appeal any decision that blocks plaintiff from obtaining the discovery plaintiff requires, to properly address the motion to dismiss as provided in the cases cited in plaintiff motion to object to the stay doc 18, and in this motion for a hearing.

ANDREW B SHEETS,PRO SE

ANDREW B SHEETS,PRO SE
11408 PEPPERDINE ST
PUNTA GORDA,FL,33955
941-916-2259
federallawsuit4freespeech@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the march,20, 2023, I personally delivered the motion to the Clerk of Court . I further certify that the foregoing is being served this day via email and First-Class U.S. Mail to:

Jessica Schwieterman
Assistant Attorney General
Office of the Attorney General
3507 E. Frontage Road, Suite 150
Tampa, FL 33607

ANDREW B SHEETS PRO SE